# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE KRAFT HEINZ COMPANY; | : |
| Plaintiff, | : |
| v. | : Case No.: |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION 355, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

This action seeks to prevent the Defendant Union from proceeding to labor arbitration to seek a remedy from a labor arbitrator on a claim for certain retiree medical benefits. The parties have a collective bargaining agreement ("CBA") that, per usual, contains a grievance and arbitration procedure that applies to some, but not all, possible claims the Union might raise. The CBA allows for an arbitration over issues concerning "the meaning, interpretation or application of specific provisions" of the CBA. However, the substance of the Union's grievance in this instance seeks retiree medical benefits that the Union has agreed are governed by the terms of an employee benefits plan, not the CBA. That employee benefits plan contains an exclusive dispute resolution procedure. Thus, the grievance falls outside the scope of the arbitration provision in the CBA. To preclude arbitration that not mandated by the CBA, Plaintiff brings this action and states as follows:

## PARTIES

1. The Kraft Heinz Company is an "employer" in an "industry affecting commerce" within the meaning of Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185.

2. International Brotherhood of Teamsters Local Union 355 (the "Union") is an unincorporated labor organization which represents certain persons employed by Kraft Heinz at its Dover, Delaware facility. The Union is a "labor organization" that represents employees in an "industry affecting commerce" within the meaning of the LMRA.

## JURISDICTION AND VENUE

3. This proceeding arises due to the Union's violation of the CBA between Kraft Heinz and the Union under Section 301 of the LMRA. *See* 29 U.S.C. §185.

4. The claim the Union attempts to arbitrate is, per the Union's agreement, governed by the terms of a employee benefits plan which in turn is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*.

5. Jurisdiction is appropriate in this matter under 28 U.S.C. § 1331 as it is an action arising under the laws of the United States.

6. This Court has jurisdiction over the Union under 29 U.S.C. § 185(c) because its duly authorized officers and agents are engaged in representing or acting for employee members in Dover, Delaware.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The Union's violation of the CBA involves an employee at Kraft Heinz's Dover, Delaware facility.

8. Venue is also proper under 29 U.S.C. § 185(a) because suits for a violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court of the United States having jurisdiction of the parties.

## FACTUAL BACKGROUND

A. **Kraft Heinz Company**

9. Kraft Heinz is a food and beverage company in North America.

10. Kraft Heinz operates a food manufacturing facility in Dover, Delaware ("Dover Facility").

B. **Collective Bargaining Agreement**

11. Certain of Kraft Heinz's hourly employees at the Dover Facility are represented for purposes of collective bargaining by the Union.

12. Kraft Heinz and the Union negotiated and entered into a CBA that governs the terms and conditions of employment of the Dover Facility's employees in the bargaining unit represented by the Union. The CBA became effective June 30, 2023 and remains effective. A true and correct copy of portions of the CBA relevant to the Union's grievance and this action are attached hereto as **Exhibit A**.

13. The CBA's Section 30 sets forth the arbitration procedure that Kraft Heinz and the Union must follow for the resolution of certain types of differences, or claims, between the parties. **Exh. A** at p. 31.

14. The CBA's Section 30(A) provides as follows:

> **SECTION 30**
> **Arbitration Procedure**
>
> (A)    Should any difference arise between the Company and the Union and/or employees concerning the meaning, application or interpretation of specific provisions of this Agreement, which remains unsettled after presentation to and processing through the grievance steps, either the Company or the Union may submit such difference to arbitration, provided written notice has been given to the other party desiring arbitration that it desires to arbitrate such difference within forty-five (45) calendar days following completion of the final step of the grievance procedure, and provided further that such notice clearly states the matter to be arbitrated and the specific provisions of the Agreement giving rise to the difference.

**Exh. A** at p. 32.

3

15. The CBA's Section 30(C) limits an arbitrator's authority in the resolution of arbitrable differences, prohibiting the arbitrator from altering, modifying or amending the CBA's terms and conditions:

> (C) A decision of the impartial arbitrator, reached after hearing, shall be final and binding upon both parties. The arbitrator shall have no authority to alter, modify or amend any terms of this Agreement.

**Exh. A** at p. 32.

16. The CBA's Section 26 governs Post-Retirement Medical/Prescription/Vision/Dental Benefits and details certain medical benefits for which "qualifying retirees" are eligible. **Exh. A** at p. 26.

17. In the CBA's Section 26(K), titled "Plan Documents Govern," the parties expressed their agreement that the extent of coverage under Kraft Heinz's benefits programs is governed by the plan documents or insurance policies applicable to those employee benefits. Specifically, Section 26(K) provides:

> (K) <u>Plan Documents Govern</u>. The extent of coverage under all benefit programs, including but not limited to the Medical Plan, Dental Plan, Vision Plan, Life Insurance, AD&D Plan, STD, LTD, and other benefit plans referred to in this Agreement, will be governed by the terms and conditions set forth in applicable insurance policies and/or plan documents, and such benefit programs may be modified or amended by the plan sponsor from time to time in accordance with the terms of the applicable plan documents. Any questions or disputes concerning any benefit programs will be resolved in accordance with the terms and conditions set forth in the applicable insurance policies or plan documents.

**Exh. A** at p. 28.

18. As such, the applicable plan documents govern the operation of the employee benefit plan, and "any questions or disputes" concerning the benefits may only be resolved "in accordance with the terms and conditions" stated in the plan document.

19. Disputes concerning the employee benefits may not be resolved in the arbitration procedure stated in the CBA.

C.  **Kraft Heinz Health Reimbursement Arrangement ("HRA") and Summary Plan Description ("HRA SPD")**

20. Kraft Heinz's HRA is a component plan of the Kraft Heinz Company Retiree Group Benefits Plan, which provides retiree medical coverage to certain retirees and is an example of a Medical Plan referred to by CBA's Section 26(K).  *See* Kraft Heinz Health Reimbursement Arrangement Summary Plan Description, a true and correct copy of which is attached hereto as **Exhibit B**.

21. Kraft Heinz's HRA is an employee benefit governed by ERISA.

22. Kraft Heinz's HRA SPD "is the summary plan description for The Kraft Heinz Foods Company Health Reimbursement Arrangement (HRA)."  **Exh. B**.

23. According to the CBA's Section 26(K), the HRA SPD's terms and conditions govern the extent of coverage under Kraft Heinz's retiree medical benefits plan.

24. The HRA SPD provides that the Plan Administrator has complete discretionary authority to interpret and construe the terms of the Plan:

> **Discretionary Authority of Plan Administrator**
>
> The Plan Administrator has complete discretionary authority to interpret and construe the terms of the Plan and to decide factual and other questions relating to the Plan and Plan benefits, including, without limitation, eligibility for, entitlement to and payment of benefits, to the extent such authority has not been allocated to a Claims Administrator. See HRA Claims Administrator for the name and address of the Claims Administrator. Under the terms of the Plan, the applicable Claims Administrator has been allocated full discretionary authority over benefit determinations with respect to the HRA. Benefits under the Plan will be paid only if the Plan Administrator or the Claims Administrator decides in its discretion that under the terms of the Plan the applicant is entitled to the benefit.

**Exh. B** at p. 27.

25. The HRA SPD's Appendix A lists the various unions whose members employed by Kraft are potentially eligible for Kraft Heinz's HRA Plan.  *See* **Exh. B** at Appendix A.

26. **Appendix A** details how the employees represented by the Union Kraft Heinz's Dover Facility become eligible for retiree medical benefits under the HRA Plan, stating:

5

- Full-time hourly employees of the Kraft Heinz Foods Company covered under the bargaining unit IBT 355, Dover, DE who meet the following requirements:
  - Were hired on or before 9/30/1996
  - Leave Kraft Heinz after age 55, and
  - Have at least 10 years of benefit service at termination.

*Id.*

27. The HRA SPD also includes a dispute resolution process described in a section entitled "Participation Eligibility Claims and Appeals." *Id.* at pp. 23-24.

28. Under the HRA SPD, if an individual has a claim related to issues such as: (1) *eligibility to participate in the Plan*; or (2) qualified change in status, they are to make an inquiry verbally or in writing to the Kraft Heinz Benefits Center. *Id.* at p. 23. (emphasis added).

29. The HRA SPD requires claimants who are not satisfied with the results of their inquiry, to file a formal claim with the Kraft Heinz Company Retiree Group Benefits Plan by submitting their claim to the Kraft Heinz Company Employee Benefits Administration Board. *Id.*

30. If the Board denies the claim in whole or in part, the claimant's only recourse is to appeal the adverse benefits determination by submitting their claim to the second level of appeal. *Id.* at p. 24.

31. If, following the exhaustion of the HRA SPD's appeal procedure, the claimant still believes he or she is entitled to participate in the HRA, the claimant may file a civil action under Section 502(a) of ERISA. *Id.*

32. The "Participation Eligibility Claims and Appeals" section provides that a claimant "may not file a civil action unless [the employee has] exhausted the Plan's claims and appeals procedure." *Id.* at p. 24.

33. The HRA SPD does not allow an employee or the Union to arbitrate a claim concerning any retiree benefit. Indeed, the parties agreed such claims are governed exclusively by the Plan's terms.

### D. **Evelyn Benson's Employment with Kraft Heinz**

34. Kraft Heinz hired Evelyn Benson by Kraft Heinz on May 28, 1997.

35. Evelyn Benson retired from Kraft Heinz on November 1, 2023.

36. Pursuant to Kraft Heinz's HRA SPD, which governs the terms of eligibility for retiree medical benefits under the CBA, Ms. Benson is not eligible to receive retiree medical benefits because Kraft Heinz hired her after September 30, 1996.

### E. **Evelyn Benson Grievance and Arbitration Demand**

37. On October 12, 2023, the Union filed a Grievance on behalf of Evelyn Benson and other "affected" members not identified by the Union ("Grievance"). A true and correct copy of the October 12, 2023 Grievance is attached hereto as **Exhibit C**.

38. In its Grievance, the Union alleges that Kraft Heinz violated the CBA's Section 26(C) in denying Ms. Benson and other unidentified members Post-Retirement Medical/ Prescription /Vision/Dental Benefits ("Post-Retirement Benefits"). **Exh. C**.

39. On November 27, 2023, Kraft Heinz issued its Step 3 response denying the Union's Grievance.

40. On January 2, 2024, the Union filed an Arbitration Demand with the American Arbitration Association ("AAA") captioned *Teamsters Local 355 v. Kraft Heinz Co.*, Case No. 01-24-0000-0192, regarding Evelyn Benson's Grievance No. 099414 alleging that Kraft Heinz violated Section 26(C) of the CBA ("Arbitration") by denying her certain post-retirement health

benefits. A true and correct copy of the AAA's January 4, 2024 initiating Arbitration is attached hereto as **Exhibit D**.

### F. The Union's Claim Is Not Substantively Arbitrable

41. The Union asserts in its grievance that, pursuant to the CBA, Ms. Benson is eligible for medical retiree benefits from Kraft Heinz. **Exh. D**.

42. The Union's claim turns on the threshold question of whether Ms. Benson is a "qualified retiree" under Kraft Heinz's HRA medical benefit plan.

43. Pursuant to Section 26(K) of the CBA, Kraft Heinz's HRA SPD expressly and exclusively governs whether Ms. Benson is eligible for medical retiree benefits under the HRA plan.

44. Kraft Heinz's HRA SPD describes an exclusive claims procedure for claimants to use to challenge any determination regarding their ineligibility for benefits.

45. To date, neither Ms. Benson nor the Union as her representative has pursued any appeal under the exclusive claims procedures delineated in the HRA SPD. Thus, the determination that she is ineligible for the employee benefits she seeks stands unchallenged.

46. On February 8, 2024, Kraft Heinz's counsel sent a letter to Union's counsel asserting that the Union's grievance was not arbitrable pursuant to the CBA's Section 26(K). A true and correct copy of the February 8, 2024 letter is attached hereto as **Exhibit E**.

47. Union's counsel did not respond until March 18, 2024, nearly six weeks later, and stated that it was moving forward with arbitration on May 15, 2024 despite the CBA's clear language. A true and correct copy of the Union's March 18, 2024 email is attached hereto as **Exhibit F**.

## COUNT I
## DECLARATORY JUDGMENT

48. Kraft Heinz incorporates by reference the foregoing allegations as though fully set forth herein.

49. An actual and justiciable controversy exists between Kraft Heinz, on the one hand, and the Union, on the other hand, concerning the substantive arbitrability of the Union's Arbitration Demand.

50. Pursuant to 28 U.S.C. § 2201, Kraft Heinz is entitled to a declaration of its rights and obligations under said agreements, including that: (1) pursuant to Section 26(K) of the CBA, Evelyn Benson's eligibility for medical retiree benefits is exclusively governed by Kraft Heinz's HRA SPD; (2) any issues related to an employee's eligibility to participate in Kraft Heinz's HRA providing medical retiree benefits is governed by the procedures set forth in Kraft Heinz's HRA SPD; and (3) the Union's Arbitration Demand is not substantively arbitrable because whether Evelyn Benson is a "qualified retiree" entitling her to medical retiree benefits it is pre-empted by the provisions and procedures set forth in Kraft Heinz's HRA SPD, which is the governing document pursuant to Section 26(K) of the CBA.

51. Pursuant to 28 U.S.C. § 2202, Kraft Heinz is entitled to any "further necessary or proper relief" as may be warranted based on the Court's declaration of Kraft Heinz's rights and obligations.

## COUNT II
## INJUNCTIVE RELIEF

52. Kraft Heinz incorporates by reference the foregoing allegations as though fully set forth herein.

53. As a direct and proximate result of the Union's contractual breaches alleged herein, Kraft Heinz has suffered and will continue to suffer actual and threatened irreparable harm, including the unrecoverable time, resources, and expenses of arbitration on an issue that is not arbitrable.

54. Kraft Heinz is entitled to ongoing preliminary injunctive relief, and permanent injunctive relief, to prevent further breaches by the Union.

55. Kraft Heinz will suffer immediate and irreparable harm if relief is denied which outweighs any harm to the Union from an injunction.

56. The public interest will not be harmed if an injunction is granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Kraft Heinz respectfully requests the Court enter judgment in its favor and award it the following relief:

A. Declaratory judgment declaring the parties' rights and obligations under the terms of their applicable agreements, including but not limited to a declaration that: (1) pursuant to Section 26(K) of the CBA, Evelyn Benson's eligibility for medical retiree benefits is exclusively governed by Kraft Heinz's HRA SPD; (2) any issues related to an individual's eligibility to participate in Kraft Heinz's HRA providing medical retiree benefits is governed exclusively by the procedures set forth in Kraft Heinz's HRA SPD; and (3) the Union's Arbitration Demand is not substantively arbitrable because whether Evelyn Benson is a "qualified retiree" entitling her to medical retiree benefits it is pre-empted by the provisions and procedures set forth in Kraft Heinz's HRA SPD, which is the governing document pursuant to Section 26(K) of the CBA.

B. Entry of preliminary and permanent injunctive relief restraining and prohibiting the Union from proceeding with arbitration regarding Evelyn Benson's medical retiree benefits

eligibility, captioned *Teamsters Local 355 v. Kraft Heinz Co.*, Case No. 01-24-0000-0192, regarding Evelyn Benson's Grievance No. 099414 filed with the American Arbitration Association;

    C.    "Further necessary or proper relief" based on the Court's declarations of the parties' rights and obligations, pursuant to 28 U.S.C. § 2202; and

    D.    All other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Laurence V. Cronin*
Laurence V. Cronin (No. 2385)
SMITH, KATZENSTEIN & JENKINS LLP
The Brandywine Building
1000 West Street, Suite 1501
Wilmington, DE 19801
302-652-8400
LVC@skjlaw.com

Ogletree Deakins
Bernard J. Bobber (pro hac vice pending)
Immon Shafiei (pro hac vice pending)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-995-2800
Fax: 215-995-2801
bernard.bobber@ogletree.com
immon.shafiei@ogletree.com

*Attorneys for Plaintiff The Kraft Heinz Company*

Dated: May 14, 2024